| UNITED STATES DISTRICT COURT | FOR ONLINE PUBLICATION ONLY |
| EASTERN DISTRICT OF NEW YORK | |

MARIE L. BANKS, aka GERVAIS,

                              Plaintiff,

          - versus -

EVELYN ISIDORE and HAUP-HAITIAN
AMERICAN UNITED PROGRESS,

                             Defendants.

MEMORANDUM
AND ORDER

15-CV-4391 (JG)(VMS)

On July 24, 2015, plaintiff Marie L. Banks, aka Gervais ("Banks") filed this *in forma pauperis* action *pro se* seeking damages. I grant Banks's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. For the reasons set forth below, the complaint is dismissed.

## BACKGROUND

This is Banks's third lawsuit in one month. Each one of them has been difficult to understand, and her basis for filing each one has been elusive despite a consistently broad interpretation of her pleadings.

The instant complaint is particularly incomprehensible. As best I can tell, Banks is revisiting something that happened many years ago, around the time she was naturalized on June 25, 1991. Banks contacted defendant Haitian-Americans United for Progress ("HAUP"), who provided the name of Evelyn Isidore, whom Banks hired to babysit her young son. At some unspecified time thereafter, Isidore, a citizen of Belgium, sought Banks's assistance in her application for United States Citizenship. To the extent it is comprehensible, the remainder of the complaint concerns the loss of her naturalization certificate on July 2, 2015 (but copies of it

1

are attached to the complaint), and unrelated allegations of mass graves and harassment by various individuals, government officials, and "spy systems." For example, the complaint states:

> Radio 4 VEH cap Haitien Haiti in 2001- speaker Mr. Victorin "September 11, 2001 a chosen date 911 was done via space, pulling the sun, sun symbol of muslin flag . . . Every one had passed the ground security check at the airport before boarding the planes." Pulling the moon to look for bool for lottery is a daily amusement of the people from the North of Haiti, Cap-Haitien that bleached the N.Y. Lottery. . . bref . . . Radio 4 VEH radio with female German Director, the map in the office removed all Brittish Name on the Islands near Canada. They planted little bag under the bench when I sit down in their yard.

Compl. at 4, ECF No. 1. She seeks damages.

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court must construe a *pro se* litigant's pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks omitted). Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the

2

court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346 (ARR), 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted); *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) ("Although we construe a *pro se* plaintiff's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." (citations omitted)).

An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted). In *Denton v. Hernandez*, the Supreme Court noted that:

> the *in forma pauperis* statute, unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. I find that Banks's complaint lacks an arguable basis in law and is thus frivolous. Moreover, her barely comprehensible allegations fail to state a claim on which relief may be granted. I have considered granting leave to amend – the usual course when a *pro se* complaint is dismissed – but conclude that here it would be futile.

CONCLUSION

Accordingly, the *pro se* complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

3

would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So Ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
September 15, 2015